**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **MAZ ENCRYPTION TECHNOLOGIES LLC,**<br><br>                          Plaintiff,<br><br>      v.<br><br>**NXT-ID, INC.,**<br><br>                          Defendant. | **Civil Action No. 6:15-cv-981**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff MAZ Encryption Technologies LLC ("Plaintiff") makes the following allegations against Nxt-Id, Inc. ("Defendant"):

## BACKGROUND

1. Stephen J. Zizzi is an accomplished electrical engineer and the inventor of United States Patent Nos. 8,359,476 (the "'476 Patent") and 8,762,713 (the "'713 Patent") (collectively, the "Patents-in-Suit"). In 1996, Mr. Zizzi and Chris Mahne, an entrepreneur and co-inventor on another patent, launched MAZ Technologies, Inc. to develop software security products. Mr. Mahne was the President of MAZ Technologies, Inc., and Mr. Zizzi was the Chief Technology Officer. While at MAZ Technologies, Inc., Mr. Zizzi developed novel technologies relating to electronic information and document security using file-level and biometric encryption. The MAZ technology includes, among other things, information security that is transparent and seamless to the users.

## PARTIES

2. Plaintiff is a limited liability company organized under the laws of the State of Delaware.

3. Upon information and belief, Defendant Nxt-Id, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 288 Christian St., Oxford, Connecticut 06478.  Upon information and belief, Defendant may be served via its registered agent: National Corporate Research, Ltd., 850 New Burton Road, Suite 201, Dover, Delaware 19904.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## U.S. PATENT NO. 8,359,476

7. Plaintiff is the owner by assignment of the '476 Patent entitled "User Authentication System and Method for Encryption and Decryption."  The '476 Patent issued on January 22, 2013.  A true and correct copy of the '476 Patent is attached as Exhibit A.

8. Mr. Stephen Zizzi is listed as the inventor on the '476 Patent.

9. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '476 Patent complied with such requirements.

### U.S. PATENT NO. 8,762,713

10. Plaintiff is the owner by assignment of the '713 Patent entitled "User Authentication System and Method for Encryption and Decryption." The '713 Patent issued on June 24, 2014. A true and correct copy of the '713 Patent is attached as Exhibit B.

11. Mr. Stephen Zizzi is listed as the inventor on the '713 Patent.

12. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '713 Patent complied with such requirements.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 8,359,476

13. Upon information and belief, Defendant has been and is now infringing at least Claim 4 of the '476 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale systems and methods (including, without limitation, at least the Wocket Smart Wallet) which perform a method of authenticating a user for encryption and decryption, interfacing at an encryption and decryption computer with a bio-metric user authentication apparatus for authenticating a user; storing user identifying information, encryption and decryption data on a computer-readable medium; receiving the user identifying information at the user authentication apparatus; authenticating a user based on the user identifying information; once the user is authenticated, reading the encryption and decryption data at the encryption and decryption computer, covered by one or more claims of the '476 Patent to the injury of Plaintiff. Defendant is directly infringing, literally

infringing, and/or infringing the '476 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '476 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Defendant's infringement of the '476 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

15. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '476 Patent, Plaintiff will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,762,713

16. Upon information and belief, Defendant has been and is now infringing at least Claim 1 of the '713 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, supplying, distributing, selling, and/or offering for sale systems (including, without limitation, at least the Wocket Smart Wallet) for authenticating for encryption and decryption, including an authentication module authenticating a user; and a crypto module encrypting an electronic document generated by an application program using at least one encryption key to generate an encrypted document in response to a command related to the electronic document received by the application program if the user has been authenticated by the authentication module and at least one encryption criteria is met, wherein the crypto module communicates with an electronic document management system to permit execution of the

command by the electronic document management system on the encrypted document, covered by one or more claims of the '713 Patent to the injury of Plaintiff.  Defendant is directly infringing, literally infringing, and/or infringing the '713 Patent under the doctrine of equivalents.  Defendant is thus liable for infringement of the '713 Patent pursuant to 35 U.S.C. § 271.

17. As a result of Defendant's infringement of the '713 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

18. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '713 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the Patents-in-Suit;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Patents-in-Suit, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the

Patents-in-Suit as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED November 12, 2015.

Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. Gibbens
Texas Bar No. 24082185
kgibbens@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF MAZ ENCRYPTION TECHNOLOGIES LLC**